IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDDIE J. MAYS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-2655-EFM |
| ) | |
| CENTRAL STATES SOUTHEAST ) | |
| AND SOUTHWEST AREAS ) | |
| PENSION FUND, UPS ) | |
| PENSION PLAN ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER ON SUFFICIENCY OF COMPLAINT AND
REPORT & RECOMMENDATION FOR DISMISSAL**

In conjunction with his Civil Complaint, Plaintiff Eddie J. Mays filed a "Motion to Proceed Without Prepayment of Fees" (*IFP* Application, Doc. 2, sealed) with an accompanying Affidavit of Financial Status (Doc. 3, sealed). The Court granted Plaintiff's *IFP* request on March 11, 2009, but identified serious deficiencies with Plaintiff's Complaint. (*See generally* Doc. 4.) Plaintiff was directed to supplement his Complaint to address the issues outlined in the Court's Order. Having reviewed Plaintiff's latest filing (Doc. 5), the Court is prepared to issue further recommendations.

## DISCUSSION

Rather than repeat the standards regarding sufficiency of a complaint, the Court will incorporate by reference its prior discussion of the topic herein. (Doc. 4, at 3-5.) A court is required to dismiss a case if it determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2).[1] A broad reading of a plaintiff's complaint does not relieve the burden of alleging sufficient facts to give the opposing party fair notice of the basis of the claim against it so that it may respond or to allow the court to conclude that the allegations, if proved, show plaintiff is entitled to relief. **Hall v. Bellman**, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also* **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473 (10th Cir. 1989).

In its prior Order, the Court discussed the jurisdictional prerequisite of Plaintiff filing a timely administrative charge of discrimination. (Doc. 4, at 6-7, citing **Aramburu v. Boeing Co.**, 112 F.3d 1398, 1409 (10th Cir.1997), **Jones v.**

---

[1] Although Plaintiff is not a prisoner as defined in 28 U.S.C. § 1915(h), the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g.,* **Rowe v. Shake,** 196 F.3d 778, 783 (7th Cir. 1999); **McGore v. Wigglesworth,** 114 F.3d 601, 608 (6th Cir. 1997).

2

***Runyon***, 91 F.3d 1398, 1399-1400 n. 1 (10th Cir. 1996), and ***Shikles v. Sprint/United Management Co.,*** 426 F.3d 1304, 1317 (10th cir. 2005).)  The only events referenced in Plaintiff's initial Complaint occurred in "early 2000" (Doc. 1, at 3) – more than eight years prior to his filing of the present lawsuit.  Further, the "right to sue" letter Plaintiff received from the EEOC unequivocally states that the agency closed its filing upon a finding that Plaintiff's charge "was not timely filed..."  (Doc. 1-2, at 1.)

The events mentioned in Plaintiff's supplemental Complaint occurred in January 2002 and March 2007.  (Doc. 5, at 4, 7. )  Neither, however, are alleged to have occurred within the 300 day EEOC deadline for Plaintiff to file his administrative charge of discrimination, which he did on August 21, 2008.  (Doc. 1-2, at 3.)

Plaintiff's contention that the discrimination is "continuing" will not necessarily allow him to circumvent the 300 day deadline.  As discussed in the Court's prior order, the United States Supreme Court discussed an analogous situation in ***Ledbetter v. Goodyear Tire & Rubber Co., Inc***., 550 U.S. 618, 127 S.Ct. 2162, 167 L.Ed.2d 982 (2007).  In that case, the Court held that the defendant/employer's issuance of subsequent paychecks following an alleged discriminatory failure to provide plaintiff/employee with a raise did not trigger a

subsequent EEOC charging period. *Id*., at 2169 (holding that "[a] new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from the past discrimination").[2]

The *Ledbetter* decision was effectively overturned by the recent passage of the Lilly Ledbetter Fair Pay Act of 2009, Pub.L. 111-2, § 3(A), 123 Stat. 5-6. (Fair Pay Act). The Fair Pay Act provides:

> . . . an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this subchapter, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

Even assuming the denial of Plaintiff's benefits and/or his appeal (if his appeal was truly denied) would be considered an "unlawful employment practice" under the

---

[2] The federal district court for the Western District of Oklahoma recently discussed the *Ledbetter* decision in the case of ***Wirsig-Wiechmann v. State of Oklahoma, et. al***., No. 07-04-75-F, 2008 WL 4722968 (W.D. Okla. Oct. 23, 2008). In that case, the District Court referred to *Ledbetter* as "an extremely narrow decision" that held that the continued issuance of paychecks, without more, do not qualify as a "present violation within the required time period..." *Id*., at *1. In **Wirsig-Wiechmann**, however, the plaintiff presented evidence of an "Annual Compensation Agreement" that was executed between the parties within the 300-day time frame. *Id*., at *2.

Fair Pay Act,[3] the fact remains that Plaintiff has provided no evidence of discriminatory animus in the decision-making process.

The Court previously held that Plaintiff's initial Complaint (Doc. 1) contains very little substantive factual description of the alleged violations of Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act (which are listed in his Motion to Proceed Without Prepayment of Fees, Doc. 2, sealed, but not in the form Complaint itself).  On the initial form Complaint used by Plaintiff, he merely states that he was denied "Disability Retirement early 2000 for no reason and it is a continuing action totaling over 75,000.00 dollars."  (Doc. 1, at 3. )  The Court stated its "serious reservations" that Plaintiff had provided sufficient detail so that it could fulfill its responsibility to dismiss frivolous claims and so that Defendants could frame their Answer.  (Doc. 4, at 6.)  Plaintiff was instructed to attempt to describe approximately when, where, and how Defendants discriminated against him, and, if possible, to identify the discriminatory actors.  (*Id.*, at 11.)

---

[3] "The rule set out in ***Ledbetter*** and prior cases – that 'current effects alone cannot breathe new life into prior uncharged discrimination' – is still binding law for Title VII disparate treatment cases involving discrete acts other than pay." ***Leach v. Baylor College of Medicine***, No. H-07-0921, 2009 WL 385450, at *17 (S.D. Tex. Feb. 17, 2009); *see also* ***Gentry v. Jackson State University***, — F.Supp. 2d —, No. 3:07-CV-584TSL-JCS, 2009 WL 1097818, at *(S.D. Miss. April 17, 2009).  Because of the insufficient nature of Plaintiff's supplemental Complaint, discussed below, the Court need not address whether the denial of Plaintiff's disability pension benefits constitutes an "unlawful employment practice" under the Fair Pay Act.

Unfortunately, Plaintiff's supplemental Complaint provides little in the form of substantive factual information. (Doc. 5.) He provides certain information regarding his vesting status and states that Defendant benefit plans "have denied [his] benefit from 1-1-02 to present . . ." (Id., at 3, 4.) This does not, however, adequately address the issues enumerated in the Court's prior Order.

Plaintiff also lists the following as an additional violation: "I have been denied an Appeal on March 6, 2007. And denied benefits base[d] on incorrect eligibility status." (*Id.*, at 7.) In reality, however, Plaintiff was not "denied" an appeal. Rather, he was informed that his former employer "voluntarily withdrew from participation" in the Defendant benefit plan and was provided with the name and address of the "appropriate pension plan" to review his claim. (*Id.*, at 7, 9.) Simply stated, Plaintiff has provided nothing of substance to establish that any decisions made were the result of his alleged disability and/or age.

In fact, there is nothing in Plaintiff's supplemental Complaint that alleviates the Court's serious misgivings regarding the basis of his age discrimination claim. As discussed in the prior Order, Plaintiff did not include age discrimination in the EEOC charge he submitted to the Court as an exhibit to his initial Complaint. (Doc. 1-2, at 3; *see also*, Doc. 4, at 10.) Thus, he was instructed to provide the Court with information regarding any additional administrative charge covering age

discrimination.  (Doc. 4, at 10.)  He also was instructed to provide an explanation as to how any alleged discrimination could have been related to his age (which was significantly under 40 at the time the allegedly discriminatory denial occurred).  *See* ***Whittington v. Nordam Group Inc.***, 429 F.3d 986, 992 (10th Cir. 2005) (citing 29 U.S.C. § 623(a)).  Plaintiff has wholly failed to address these issues in his supplemental Complaint.  As such, the Court has no choice but to find that he did not exhaust his administrative remedies as to age discrimination.

Finally, assuming Plaintiff is seeking relief under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA), the relevant statute of limitations would also bar these claims.

> Because ERISA does not contain a statute of limitations for claims brought under Section 502, courts look to the statute of limitations for (a) the most analogous state law claim (b) in the state with the most significant relationship to the matter in dispute.  ***Held v. Mfrs. Hanover Leasing Corp.***, 912 F.2d 1197 (10th Cir.1990). In this case, defendant contends, and plaintiffs do not dispute, that the applicable statute of limitations is five years.  The court agrees.  ***Caldwell v. Life Ins. Co. of N. Am.***, 959 F.Supp. 1361, 1367 (D.Kan.1997) ("K.S.A. § 60-511 is the appropriate statute of limitations for ERISA claims brought pursuant to 29 U.S.C. § 1132."), citing ***Columbian Fin. Corp. v. Businessmen's Assurance Co.***, 743 F.Supp. 772, 775 (D.Kan.1990) (because 29 U.S.C. § 1132 contains no statutory limitation period, courts generally have applied state statutes of limitations for actions upon written contracts), *rev'd on other grounds*, 956 F.2d 227 (11th Cir.1992).

*Muller v. American Management Ass'n Intern.*, 368 F.Supp.2d 1166, 1172 (D.Kan. 2004).  The alleged denial of benefits at issue occurred in either January 2000 (Doc. 1, at 4) or January 2002 (Doc. 5, at 4).  Plaintiff's lawsuit was filed in December 2008 – which is nearly seven years after the most-recent alleged denial date (Doc. 5, at 4) and clearly outside the five-year statute of limitations for ERISA claims.

**IT IS THEREFORE RECOMMENDED** that this case be **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e).

**IT IS FURTHER ORDERED** that the clerk need not serve the Complaint upon Defendants.  See **Henriksen v. Bentley**, 644 F.2d 852 (10th Cir. 1981).

A copy of the recommendation shall be sent to Plaintiff *via* certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge.  A party's failure to file such written, specific objections within the ten-day period will bar appellate review of the

proposed findings of fact, conclusions of law, and the recommended disposition.

Dated at Wichita, Kansas, on this 1st day of July, 2009.

    s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge